# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01151-RBJ-MEH

HAROLD TRUJILLO,

　　Plaintiff,

vs.

ATMOS ENERGY CORPORATION, a Texas corporation,

　　Defendant.

## DECLARATION OF RUSSELL MURPH

I, Russell Murph, hereby state as follows:

1. My name is Russell Murph. I am over the age of 18, and I make this declaration based upon my own personal knowledge.

2. I am the Operations Manager for the Southern Colorado Region of Atmos Energy's Colorado-Kansas Division. I held the same position in April and May of 2009.

3. I prepared the memo dated May 2, 2009 to David W. Good from myself re: "OSHA Inspection of Durango CO Excavation Site and Chronological Findings." It is the report of my investigation into the OSHA inspection and the actions of our employees on the site. The memo accurately recounts my investigation.

4. I shared the results of my investigation with Operations Supervisor Troy Thatcher, Vice President of Operations Dave Good, Director of Safety, Security, and Compliance Jay Carnahan, and Vice President of Human Resources Gary Manley. We determined that Harold Trujillo and Danny Lucero had knowingly failed to follow company

-2-

safety policies and OSHA regulations, thereby endangering the safety (and potentially the lives) of the employees on location. As a result, we determined that termination was warranted for both employees.

5. Trujillo and Lucero were terminated because they were long-term, experienced employees and had been trained as "competent persons" under company policy and OSHA's standards. The other two employees on the crew, Sterling Balliger and Justin (J.T.) Dufva, were not terminated. Both were relatively new employees. Balliger had only been with Atmos Energy a little more than one year at the time of the incident, and Dufva had only worked for the company for three months. Dufva was not trained as a "competent person." Balliger had completed the class work and was qualified as a "competent person"; however, he did not have the on-the-job experience to truly perform the responsibilities of a "competent person" without supervision. These are the reasons why we decided to terminate Trujillo and Lucero, but not Balliger or Dufva.

6. The following documents attached as exhibits to the Memorandum Brief in Support of Defendant's Motion for Summary Judgment are true and correct copies of what they purport to be, and come from the company's records. These include: the Atmos Energy Safety Manual – Trenching, Excavation, and Shoring; Excavation Safety Competent Person Report for Durango, CO, dated 4/23/09; Training Records for Harold Trujillo, dated 4/24/09; OSHA Citation and Notification of Penalty, dated 5/7/09; and Informal Settlement Agreement between OSHA and Atmos Energy, OSHA No. 312140171, dated 5/28/09.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 2, 2012.

_____
Russell Murph